**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KIMBERLY PARRISH, | DOCKET NUMBER |
| Appellant, | PH-0752-18-0050-I-1 |
| v. | |
| SOCIAL SECURITY | DATE: February 27, 2024 |
| ADMINISTRATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janea J. Hawkins, Esquire, and Raymond C. Fay, Esquire, Washington, D.C., for the appellant.

Evelyn Rose Marie Protano, Edward C. Tompsett, and Stephen Giacchino, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed. On petition for review, the appellant argues that the agency should be judicially estopped from claiming that her appeal is time barred. Petition for Review (PFR) File, Tab 3 at 10-11. Generally,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to explain the principle of judicial estoppel and why it does not preclude the agency from arguing that the appellant's appeal is untimely filed, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

In dismissing the appeal as untimely filed, the administrative judge found the agency's evidence regarding the appellant's receipt of the 2015 Final Agency Decision (FAD) more persuasive than the appellant's. Specifically, he found that the agency's witnesses, whose testimony was often corroborated by documentation, coupled with the presumption of delivery, persuaded him that the appellant did receive the 2015 FAD, rendering her filing untimely by more than 2 years. Initial Appeal File, Tab 52, Initial Decision (ID) at 6-8. The administrative judge further found that the appellant's contrary evidence, consisting largely of her testimony which was seriously undermined by her lack of credibility, *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987); ID at 5 n.3, and her claim that the agency misdelivered a prior FAD, was unpersuasive and did not come close to satisfying her burden of proof. 5 C.F.R. § 1201.56(b)(2)(i)(B); ID at 8-12. The administrative judge found baseless the

appellant's claim that the agency is estopped from arguing that her appeal was untimely filed, reasoning that the agency's action in 2017 was prompted by the appellant's misrepresentations, most significantly that she did not receive the 2015 FAD, that her misconduct does not create an estoppel against the agency, and that, in any event, the agency challenged timeliness in its initial response to the appeal. ID at 12. The appellant has refined the latter claim on review, arguing that the agency should be judicially estopped from claiming that her appeal is time barred. PFR File, Tab 3 at 10-11.

Judicial estoppel precludes a party from contradicting a tribunal's determination in another proceeding when the determination was based on the position taken by the party in that case. *Tompkins v. Department of the Navy*, 80 M.S.P.R. 529, ¶ 8 (1999). The doctrine is applicable to administrative adjudications. *Id.* No single test determines if judicial estoppel applies to a proceeding, but there are three factors that typically inform the decision whether to apply the doctrine in a particular case: (1) a later position must be clearly inconsistent with the same party's prior position; (2) the party was successful in the earlier proceeding in persuading the court of its position, such that "judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled'"; and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (citations omitted); *Kavaliauskas v. Department of the Treasury*, 120 M.S.P.R. 509, ¶ 9 (2014).

Consideration of these factors weighs against application of the doctrine in this case. The agency has not taken an inconsistent position before the Board on the issue of timeliness. Nor did the administrative judge ever accept the appellant's claim of timeliness. Moreover, to the extent the appellant is attempting to rely on her own misrepresentations to claim that her appeal is timely, it is she, not the agency, who would derive an unfair advantage.

Therefore, the agency is not judicially estopped from claiming that the appellant's appeal is untimely filed.[2]

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] On review, the appellant cites to two cases, presumably to support her position that judicial estoppel should apply to preclude the agency from arguing that her appeal is untimely filed, *Cuyahoga Metropolitan Housing Authority v. United States*, 65 Fed. Cl. 534 (Fed. Cl. 2005) and *Data General Corporation v. Johnson*, 78 F.3d 1556 (Fed. Cir. 1996). PFR File, Tab 3 at 11-12. The appellant's argument is unavailing, however, because in both cases, the court explained the doctrine and, weighing the factors, found it inapplicable to estop the government from taking a particular position.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:     _____
                   Gina K. Grippando
                   Clerk of the Board

Washington, D.C.